PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN REDMAN, *et al.*, | ) | |
| | ) | CASE NO. 1:10cv2004 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FRANCIS DAVID CORPORATION, etc., *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF Nos. 38, 39] |

This matter is before the Court based upon motion to dismiss filed by Defendants Francis David Corporation ("FDC") and Egon P. Singerman (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 38; 39. Plaintiffs responded (ECF Nos. 42; 48) and the defendants replied (ECF Nos. 43; 44; 49; 50).[1] For the reasons provided below, the Court grants Defendants' motions to dismiss the federal causes of action and remands the case to the Court of Common Pleas, Cuyahoga County, the state court from which it was removed.

## I. Background

### A. Claims

This putative class action lawsuit arises out of previous debt-collection lawsuits filed by Defendants against the individual Plaintiffs.[2] Plaintiffs initially filed this complaint in the Common Pleas Court of Cuyahoga County. Defendant removed to the instant Court based upon

---

[1] Pursuant to the Court's Order, Plaintiffs and Defendants were given leave to file supplemental opposition and reply memorandum. ECF No. 47.

[2] Plaintiffs' were denied class certification until after the Court ruled upon the dispositive motions. ECF No. 58.

(1:10cv2004)

federal question jurisdiction, 28 U.S.C. 1441(b).  ECF No. 1.

Plaintiffs allege Defendants' debt collection practice violate the Fair Debt Collection
Practices Act ("FDCPA"), 15 U.S.C.A. § 1692 *et seq*.; the Racketeer Influenced and Corrupt
Organizations Act ("RICO"), 18 U.S.C. § 1964 *et seq*.; and constitute a civil conspiracy claim in
violation of Federal Trade Commission ("FTC") regulations.  ECF Nos. 36 at 14, 15-18; 42 at 2.
Plaintiffs also appear to allege state claims for abuse of process, malicious prosecution and
slander of credit.  ECF No. 36 at 13-15.  Plaintiffs amended their complaint.  ECF No. 36.

**B.  Parties**

Defendant FDC is an Ohio corporation that leases credit card terminals, web package
products and allied services to business people.  ECF No. 36 at 3.[3]  Defendant Singerman is an
Ohio attorney who represented FDC in the action for debt collection against Plaintiffs.  ECF No.
38 at 4.  Both Defendants' principal place of business is Cuyahoga County.  ECF No. 36 at 2.

Plaintiffs are three individuals who had previously been sued by Defendants, in their
attempts to collect a debt.  ECF No. 38 at 3-4.  Plaintiff Redman is a Kentucky resident, Plaintiff
Potso is a Missouri resident and Plaintiff Yeganehlayegh is a Michigan resident.  ECF No. 36 at
2.

---

[3]  Notably, the Amended Complaint does not state that the Plaintiffs entered into an
agreement with FDC for such services or products.

2

(1:10cv2004)

### C.  Facts [4]

FDC entered into leases of credit card terminals with Plaintiffs signing the leases as part

or full owner and personal guarantor of a business.  ECF No. 38 at 2.  Singerman, on behalf of

FDC, subsequently filed lawsuits against Plaintiffs[5] for breach of lease when Plaintiffs defaulted

on the leases.  ECF No. 38 at 2.  In so doing, Plaintiffs allege Defendants knowingly obtained

default judgments in Ohio courts lacking subject matter jurisdiction, rendering the judgments

void.  ECF Nos. 36 at 11-13; 38 at 2-3.  Plaintiffs allege Defendants regularly used the allegedly

void judgments to negatively impact the creditworthiness of their customers and to transfer the

allegedly void judgments to foreign jurisdictions to place liens on customers' real and personal

property.  ECF No. 36 at 10.  Plaintiffs further allege Defendants failed to vacate the transferred

judgments after the underlying judgment had been vacated by the court that rendered the

judgment initially.  ECF No. 36 at 10.

The history of the initial litigation for debt collection as to each Plaintiff is detailed

below.

### 1.  Potsos

The case against Potsos was filed on June 26, 2007 in Shaker Heights Municipal Court.

ECF No. 38 at 4.  The court granted FDC default judgment.  ECF No. 36 at 7.  Shortly thereafter,

---

[4]  The factual allegations in the Amended Complaint appear to be incomplete — the Court patches together facts from both parties' briefs to arrive at the general narrative offered herein.

[5]  The collection lawsuits were filed against Plaintiffs as individuals and also the name of the businesses owned by Plaintiffs.  For convenience, the Court, when referring to the individual Plaintiffs, will only refer to the names of the individuals.

3

(1:10cv2004)

the court, upon the request of Defendants, issued a Certificate of Judgment for Transfer.  ECF No. 36 at 7.  In February 2008 Defendants sent the Certificate to the applicable Missouri court *via* United States Mail.  ECF No. 36 at 7.  On two separate occasions, Defendants sent notice to the Missouri court that the judgment was not satisfied and instituted garnishment proceedings.  ECF No. 36 at 8.

On September 7, 2010 Potsos filed a motion to vacate the judgment in the Shaker Heights Municipal Court, and it was granted.  ECF No. 38 at 4.  Plaintiffs allege Defendants failed to take steps to advise the Missouri court that the judgment was void and had been vacated.  ECF No. 36 at 8.

### 2.  Yeganehlayegh

The suit against Yeganehlayegh was filed on August 17, 2007 in Shaker Heights Municipal Court.  ECF No. 36 at 8.  After a hearing, a magistrate judge recommended judgment be rendered against Yeganehlayegh.  ECF No. 36 at 8.  Shortly thereafter, Yeganehlayegh filed a motion to dismiss for lack of subject matter jurisdiction, and a motion to vacate the adoption of the magistrate judge's opinion.  ECF No. 36 at 8.  Defendants subsequently filed a notice of dismissal.  ECF No. 36 at 9.

The case was re-filed on January 10, 2008 in Garfield Heights Municipal Court alleging Yeganehlayegh owed $2,800.96.  ECF Nos. 36 at 9; 38 at 5.  Yeganehlayegh filed a motion to dismiss for lack of subject matter jurisdiction, which the court denied.  Following a bench trail, the court found for FDC, the appeals court affirmed, and the Ohio Supreme Court declined to accept jurisdiction.  ECF No. 38 at 5.

4

(1:10cv2004)

Plaintiffs further allege that before the motion to dismiss was decided upon, Yeganehlayegh and Defendants agreed to a settlement; Defendants later rejected the proffered settlement funds and proceeded to trial; and that Defendants improperly used the information on the settlement check "to cause the Garfield Heights Municipal Court [sic] against a Michigan Credit Union and a corporate citizen of the State of Michigan notwithstanding the fact that the jurisdiction of the Garfield Heights Municipal Court in a garnishment proceedings does not extend into the State of Michigan." ECF No. 36 at 9-10.

### 3.  Redman

The suit against Redman was filed on December 11, 2007 in Garfield Heights Municipal Court alleging Redman owed $7,725.60.  ECF No. 38 at 4.  Redman filed a motion to dismiss for lack of subject matter jurisdiction, which the court denied.  Following a bench trial, the court found in favor of FDC, the appeals court affirmed, and the Ohio Supreme Court declined to accept jurisdiction.  ECF No. 38 at 4-5.

### II.  Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.[6]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  "To

---

[6]  When a complaint is challenged under Fed. R. Civ. Pro. 12(b)(6), its allegations should be construed favorably to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and its factual allegations, "construed so as to do justice," must be accepted as true.  Fed. R. Civ. Pro. 8(e).  *See United States v. Gaubert*, 499 U.S. 315, 327 (1991).  The sufficiency of a complaint, however, is a question of law, *Dugan v. Brooks*, 818 F.2d 513, 516 (6th Cir. 1987), and the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

5

(1:10cv2004)

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."[7] *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 570.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. Pro. 8(a)(2)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  "If a court does consider materials that are outside the pleadings," however, "the motion to dismiss must be treated as a motion for summary judgment under Rule 56." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir.

---

[7] "Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions.  Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (quoting *S.E. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006)).

(1:10cv2004)

2011); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir.1997)

There are, however, exceptions to this general rule.  Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.  *Id.* at 89.  Federal Rule of Civil Procedure 10(c) provides that "a statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."[8]  *Id.*

## III.  Discussion

### A.  FDCPA Claims

"Congress enacted the FDCPA in order to eliminate the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  The statute is very broad, and was intended to remedy what it considered to be a widespread problem."  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006) (internal quotations and citations omitted).

At the heart of the Plaintiff's complaint is the allegations that Defendants engaged in

---

[8]  Plaintiffs make reference to the Shaker Heights and Garfield Heights Municipal Dockets without including copies of relevant portions of the docket.  ECF No. 42 at 3-4. Nevertheless, the information is publicly available, and the Defendants filed a copy of this information.  ECF No. 38.  A defendant may introduce certain pertinent documents if the plaintiff fails to do so.  *See White Consol. Indus.*, 998 F.2d 1192, 1196 (3rd Cir. 1993) (citing *Goodwin v. Elkins & Co.*, 730 F.2d 99 (3rd. Cir. 1984), cert. denied, 469 U.S. 831 (1984); *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir.1991), cert. denied, 503 U.S. 960 (1992).  *See aslo Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (relying on Third Circuit case law and holding it was not an error for the district court to view the bankruptcy court sale order and Winget's own objections to the sale order because the court took notice that Winget made an objection to the sale order based largely upon the same claims in the complaint, and then later withdrew that objection).  Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied.  *White Consol. Indus.*, 998 F.2d at 1196.

(1:10cv2004)

"serial abusive collection practices" that constitute a violation of the FDCPA.  ECF No. 36 at 3.

Plaintiffs allege the Defendants violated the FDCPA in that they knowingly obtained default

judgments in courts lacking subject matter jurisdiction, and Singerman knowingly transferred

judgments that were void *ab initio* to courts of competent jurisdiction and executed on those

judgments.  ECF No. 36 at 13.

Defendants generally deny the allegations and argue: (1) Plaintiffs' FDCPA claims fail

because FDC is not a debt collector (ECF No. 40 at 9); (2) FDCPA does not apply to the leases

because Plaintiffs are not "consumers" as required by that act, (ECF No. 38 at 8); (3) the leases

are not "debt" as defined by the FDCPA, (ECF No. 38 at 7-8); (4) the claims are barred by the

statute of limitations, (ECF No. 38 at 9); and (5) the claims are barred by *res judicata* (ECF No.

40 at 9).

## 1.  The Statute of Limitations

"An action to enforce any liability created by this subchapter may be brought . . . within

one year from the date on which the violation occurs."  15 U.S.C.A. § 1692k(d).  *See Purnell v.*

*Arrow Financial Services, LLC.* 303 Fed. Appx. 297, 301 (6th Cir. 2008).  Courts are split as to

when the statute of limitations for FDCPA claims beings to run.  Some courts have found that the

statute begins to run when the underlying collection action is filed, others have found it begins to

run on the date the debtor was served with the complaint.  *See e.g. Naas v. Stolman*, 130 F.3d

892, 893 (9th Cir.1997) (filing of the complaint); *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th

Cir.2002) (service perfected).  The Sixth Circuit has not yet "answer[ed] whether the FDCPA's

one-year clock started when [the defendant] filed its suit or when it served [the plaintiff]." *Ruth*

8

(1:10cv2004)

*v. Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir.2010).  In the instant case, Plaintiffs'

FDCPA claims are barred using either approach.

### 2. The Plaintiffs' FDCPA Claims are Untimely

This action was commenced August 4, 2010.  The underlying cases were filed in 2007

and 2008 and service was perfected on all Plaintiffs in the underlying lawsuits during 2007 and

2008, which would have provided the Plaintiffs with knowledge or a reason to know of the

underlying debt collection action.  Plaintiffs offer no argument to the contrary — they only assert

the statute of limitations are tolled based upon "each continuing effort to enforce the void

judgments."  ECF No. 42 at 4.  Plaintiffs rely *Kovacic v. Cuyahoga County. Dept. of Children*

*and Family Services*, but such reliance is misplaced.  606 F.3d 301, 307 (6th Cir. 2010).  ECF No.

42 at 4.  *Kovacic* is a section 1983 case, not a FDCPA case, and Plaintiff cites no case law to

support its argument the statute of limitations are tolled in the manner it asserts.

### B.  RICO Claim

Plaintiffs allege violation of RICO, 18 U.S.C. § 1962(c).  The statute provides:

> It shall be unlawful for any person employed by or associated with any enterprise
> engaged in, or the activities of which affect, interstate or foreign commerce, to
> conduct or participate, directly or indirectly, in the conduct of such enterprise's
> affairs through a pattern of racketeering activity or collection of unlawful debt.

*Id*.  18 U.S.C. § 1962(d), provides: "It shall be unlawful for any person to conspire to violate any

of the provisions of subsection (a), (b), or (c) of this section."

To properly lodge a civil RICO claim, a plaintiff must establish four elements: "(1)

conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Moon v. Harrison*

*Piping Supply*, 465 F.3d 719, 723 (6th Cir.2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*,

(1:10cv2004)

473 U.S. 479, 496 (1985)).  Defendants argue the amended complaint does not satisfy Federal

Rule of Civil Procedure 8 or 9(b) because Plaintiffs have not sufficiently articulated the

requirements of racketeering activity for predicate offenses as described in 18 U.S.C. 1961(1).

ECF Nos. 38 at 13;  40 at 14-16.  Singerman additionally asserts Plaintiffs have inadequately

pled the enterprise requirement.  ECF No. 38 at 17.

### 1.  Alleged Predicate Act of Racketeering Activity

Plaintiffs must establish a predicate act enumerated in 18 U.S.C. § 1961(1).  *Advocacy*

*Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir.1999).  The

Plaintiffs allege the following racketeering activities that are listed in 18 U.S.C. §1961(1): §§

891-894 (relating to extortionate credit transactions); §1029 (relating to fraud and related activity

in connection with access devices); §1341 (relating to mail fraud); §1343 (relating to wire fraud);

§1344 (relating to financial institution fraud); §1952 (relating to racketeering); §1960 (relating to

illegal money transmitters); §§ 2314 and 2315 (relating to interstate transportation of stolen

property).  ECF No. 36 at 16.

### a.  Mail & Wire Fraud

### i.  Legal Authority

Mail fraud consists of "(1) a scheme to defraud, and (2) use of the mails in furtherance of

the scheme."  *United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005).  The elements of

wire fraud are essentially the same except that one must use  wires (*i.e.* telephone, facsimile)  in

furtherance of the scheme to defraud.  *United States v. Daniel*, 329 F.3d 480, 486 n.1 (6th Cir.

2003) (noting that the statutes share the same relevant language and the same analysis should be

10

(1:10cv2004)

used for each). "A scheme to defraud includes any plan or course of action by which someone uses false, deceptive, or fraudulent pretenses, representations, or promises to deprive someone else of money." *Jamieson*, 427 F.3d at 402.

When pleading predicate acts of mail or wire fraud, to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." " *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 404 (6th Cir. Mich. 2012) (citing *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008).

"A plaintiff must also demonstrate scienter to establish a scheme to defraud, which is satisfied by showing the defendant acted either with a specific intent to defraud or with recklessness with respect to potentially misleading information." *Heinrich*, 668 F.3d at 404. (citing *United States v. DeSantis*, 134 F.3d 760, 764 (6th Cir. 1998). Plaintiffs must plead a sufficient factual basis from which to infer scienter. *See Jamieson*, 427 F.3d at 402. "Rule 9(b) requires not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter." *Heinrich*, 668 F.3d at 406. "The courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint also sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Id.* Furthermore, "[a]n allegation of time or place is material when testing the sufficiency of a pleading." Fed. R. Civ. Pro. 9(f).

11

(1:10cv2004)

### ii.  Alleged Wire Fraud is not a Predicate Act

Plaintiffs only mention wire fraud once in the complaint.  ECF No. 36 at 16.  The Plaintiffs appear to allege that FDC committed wire fraud by transmitting improperly obtained personal information from a lease *via* facsimile.  ECF No. 36 at 4.  The alleged improperly obtained information is the customer's social security number and date of birth.  ECF No. 36 at 4.  Plaintiffs do not identify the speaker whom allegedly transmitted the facsimile or state where or when the statements were made.  Nor do they explain why the statements were fraudulent.  The Plaintiffs do not provide an adequate basis for inferring scienter with regard to wire fraud, thereby failing to meet the requirements of Rule 9(b).

### iii.  Alleged Mail Fraud is not a Predicate Act

Plaintiffs allege Defendants obtained judgments in municipal courts that were void *ab initio* in a scheme to defraud the Plaintiffs, and that the Plaintiffs used the mail in furtherance of the scheme by mailing the judgments to other jurisdictions.  ECF No. 36 at 7.  Specifically as to Potsos, Plaintiffs allege that Defendants engaged in mail fraud by (1) mailing a void judgment to Missouri in order to collect money and (2) mailing two notices that the void judgment was not satisfied.  ECF No. 36 at 7-8.

Plaintiffs allege that "Defendants" sent a void certificate of judgment to the 22nd Judicial Circuit Court of Missouri *via* United States Mail.  ECF No. 36 at 7.  Plaintiffs allege the judgments were void because they were obtained in a court that did not have subject matter jurisdiction.  ECF No. 36 at 7.  Singerman admits he sent the Certificate of judgment (ECF No. 37 at 3), but argues that he did not knowingly obtain default judgments in courts lacking subject

(1:10cv2004)

matter jurisdiction.  ECF No. 38 at 12.

In order to successfully pleaded mail fraud as a predicate act, Plaintiff's Amended

Complaint must provide an adequate basis for the requisite inference of scienter.  Scienter is a

mental state embracing intent to deceive, manipulate, or defraud.  *PR Diamonds, Inc. v.*

*Chandler*, 364 F.3d 671, 681 (6th Cir. 2004).  Scienter may consist of knowledge or recklessness.

*Id*. at 682.  Recklessness is defined as highly unreasonable conduct which is an extreme

departure from the standards of ordinary care.  *Id.*  It must at least be so obvious that any

reasonable man would have known of it.  *Id.*  Recklessness is a mental state apart from

negligence and akin to conscious disregard.  *Id.*  Plaintiffs allege the Defendants' motive was to

gain financially by collecting on an unlawful debt (ECF No. 36 at 16) and appear to base their

allegations of scienter solely upon the circumstances surrounding the number of lawsuits

Singerman knowingly filed in a court that lacked subject matter jurisdiction.  ECF No. 42 at 3.

In support of their argument Defendants knew the Shaker Heights Municipal Court

lacked subject matter jurisdiction, Plaintiffs point to *Cheap Escape Co. v. Haddox, L.L.C.*, which

interpreted the scope of municipal court subject matter jurisdiction pursuant to Ohio Revised

Code §1901.18.  900 N.E.2d 601 (Ohio 2008).  The Ohio Supreme Court, after noting the

ambiguity inherit in the statutory language and legislative intent, held O.R.C. 1901.18(A) limits

municipal court subject-matter jurisdiction to actions or proceedings that have a territorial

connection to the court.  *Id*. at 605-7.  Plaintiffs assert Singerman's argument that he did not

knowingly obtain default judgments in municipal courts that lacked subject matter jurisdiction

"is simply wrong as a matter of law."  ECF No. 42 at 3.  Plaintiffs argue that it is "well settled

13

(1:10cv2004)

that the decision of a Supreme Court interpreting a statute is retrospective in its operation

because of what is and always was the correct meaning of the enactment."  ECF No. 42 at 3.

Nevertheless, Plaintiffs fail to explain how retroactive application of a newly interpreted

statute automatically shrouds Defendants in a cloak of scienter.  Plaintiffs must plead a sufficient

factual basis from which scienter may be inferred— a general averment of Defendants'

"knowledge" of material falsity is inadequate.  *Heinrich*, 668 F.3d at 406 (6th Cir. Mich. 2012).[9]

Plaintiff does not specifically allege any specific unlawful acts committed by Defendants after

*Cheap Escape*— they cannot plausibly attribute scienter to Defendants before *Cheap Escape*, as

even the Ohio Supreme Court declared the statute ambiguous and the intent unclear.  900 N.E.2d

at 605.  Accordingly, the allegations of mail fraud fails to meet the pleading requirements and

does not satisfy a predicate act of racketeering

### b. Remaining Alleged Predicate Acts Fail

Similarly, the remaining acts contained in 18 U.S.C. §1961(1), which Plaintiffs

formulaically recite, also fail to meet the pleading requirements.  Rule 9(b) requires that "[i]n

alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud."  Fed. R. Civ. P. 9(b).  "[T]he main purpose behind Rule 9(b) is to provide notice of a

party's claim to a defendant so that the defendant may be able to prepare an informed responsive

pleading."  *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, 2012 WL 1203488, at *3

---

[9]  *Cheap Escape* was decided on December 11, 2008.  On January 14, 2010 the Ohio
Court of Appeals decided *Francis David Corp. v. Scrapbook Memories & More*, relying upon
*Cheap Escape* in finding that the Shaker Heights Municipal Court did not have subject matter
jurisdiction in the matter, which was similar in type as the instant action.  2010 WL 125965, at
*4 (Ohio Ct. App., Jan. 14, 2010).

(1:10cv2004)

(S.D. Ohio Apr. 10, 2012) (citing *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir.1993)).

To satisfy this rule, Plaintiffs must, at a minimum, allege the time, place and content of the

misrepresentation upon which he ... relied; the fraudulent intent of [defendants]; and the injury

resulting from the fraud. *United States v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th

Cir.2003) (quoting *Coffey*, 2 f.3d 161-2).

Plaintiffs allege, in one paragraph, Defendants engaged in the following racketeering

activities: extortionate credit transactions; fraud and related activity in connection with access

devices; financial institution fraud; racketeering; illegal money transmitters; and interstate

transportation of stolen property.  ECF No. 36 at 16.  In a subsequent paragraph, Plaintiffs appear

to allege Defendants made false statements under oath in order to secure the transfer of void

judgments.[10]  ECF No. 36 at 17.  This list alone does not align with the purpose of 9(b), and lack

any particularity of time, place or substance.  Accordingly, the plaintiffs have failed to adequately

allege any predicate acts, leaving the racketeering activities element required for RICO

unsatisfied.[11]

---

[10]  Plaintiffs write, "[a]nother predicate act, among other acts, is making false statements under oath in order to secure the transfer of void judgments into interstate commerce" but fail to actually state that Defendants committed this act.  ECF No. 36 at 17.

[11]  In *Melton v. Blankenship*, the Sixth Circuit affirmed a district court decision dismissing the plaintiff's RICO claims because the allegations did not rise to the level of predicate acts.  2009 WL 87472, at *3 (6th Cir., Jan. 13, 2009).  The plaintiff alleged the defendants "conspired against them in a previous suit by maliciously filing a counterclaim that lacked a factual basis" and did so with "fraud in association with litigation, mail and wire fraud..." *Id.* at *1, 3.  The court, in affirming the district court, determined that "[t]o the extent that defendants were overly zealous or malicious, the remedy lies in a state law action for malicious prosecution or abuse of process, not in a federal RICO claim." *Id.* at *3.  The court found an Eight Circuit case relied upon by the plaintiffs as inapposite because in that case, the

(1:10cv2004)

### 3. FTC Claims

Plaintiffs allege Defendants engaged in a civil conspiracy to "violation to FTC regulations, abuse legal process and otherwise engage in a business model designed to take advantage of and prey upon consumer guarantors which has resulted in injury." ECF No. 36 at 15. In their opposition, Plaintiffs state, "the violations of the Federal Trade Commission Regulations are not subject to private remedy, however, they do give rise to a claim for civil conspiracy and abuse of process." ECF No. 42 at 2. Later, Plaintiffs seem to suggest the only claim they are alleging pursuant to the FTC is the civil conspiracy claim, which they allege rests upon the state law abuse of process claim. ECF No. 48 at 12.

This claim fails to meet pleading requirements because it does not list any specific FTC regulations Defendants allegedly violated. It does not allege which Defendant was in violation, when the violation occurred, or any evidence of an agreement or overt act Defendants engaged in to conspire. Conspicuously absent in Plaintiffs' briefings is any mention of *Iqbal* or *Twombly*, the current United States Supreme Court standard for determining the sufficiency of pleadings. Despite Plaintiffs' urging that a complaint need only give defendants a "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the Court relies instead upon the standards set forth in *Iqbal* and *Twombly*. The Court notes,

---

lawyer did more than merely file legal documents but actively participated in the fraud by mailing checks to clients so that the clients could then mail checks to the Bankruptcy Trustee in order to hide the fact that the defendant in that case had moved out of state. *Id.* (discussing *Handeen v. Lemaire*, 112 F.3d 1339, 1344 (8th Cir. 1997)). Plaintiffs in the instant action fail to respond to these arguments presented by Defendants and cite no case law in support of their position.

(1:10cv2004)

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

*Thompson v. City of Memphis*, 2012 WL 3194489, at *4 (6th Cir., Aug. 7, 2012).

Plaintiffs' Amended Complaint does not satisfy these standards.

## IV.  Conclusion

For the foregoing reasons, the Court grants Defendants' Motions to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) as to the federal causes of action.  The remaining claims are remanded to state court.

The matter is closed.

IT IS SO ORDERED.

  September 30, 2012                                        */s/ Benita Y. Pearson*
Date                                                        Benita Y. Pearson
                                                            United States District Judge

17